IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 8:04-420-HMH |
| vs. ) | C/A No. 8:06-2398-HMH |
| ) | |
| Bradley Shane Sheppard, ) | |
| ) | **OPINION & ORDER** |
| Movant. ) | |

This matter is before the court on Bradley Shane Sheppard's ("Sheppard") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and the pertinent law, the court summarily dismisses Sheppard's § 2255 motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 28, 2004, Sheppard pled guilty to one count of possession of a firearm by a convicted felon and was sentenced to one hundred eighty (180) months' imprisonment on August 30, 2004. Sheppard appealed his conviction and sentence. The United States Court of Appeals for the Fourth Circuit affirmed Sheppard's conviction on November 2, 2005. See United States v. Sheppard, No. 04-4741, 2005 WL 2871921, *1 (4th Cir. Nov. 2, 2005) (unpublished). Sheppard filed the instant § 2255 motion on August 25, 2006.[1]

### II. DISCUSSION OF THE LAW

Sheppard was sentenced as an armed career criminal. See 18 U.S.C. § 924(e)(1) (West Supp. 2006); U.S.S.G. § 4B1.1 (2003). Section 924(e)(1) provides in relevant part that

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

"[i]n the case of a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." Sheppard has three prior convictions for violent felonies, including two convictions for burglary of a dwelling and a conviction for assault and battery of a high and aggravated nature.

In the instant § 2255 motion, Sheppard alleges that his counsel, Benjamin Stepp ("Stepp"), was constitutionally ineffective for failing to "argue [at sentencing and on appeal] that pursuant to South Carolina law, [Sheppard's] burglary convictions were not considered crimes of violence." (Mem. Supp. § 2255 Mot. 3.) Sheppard argues that he has suffered prejudice because he was improperly sentenced to fifteen years' imprisonment as an armed career criminal due to Stepp's deficient performance. (Id.)

In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, Sheppard must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Sheppard must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Sheppard's claim is wholly without merit. On direct appeal, Sheppard argued that he was improperly sentenced as an armed career criminal because his burglary convictions were

2

non-violent. The Fourth Circuit found that "burglary of a dwelling satisfies the requirement of the statute." Sheppard, 2005 WL 2871921, *1; see 18 U.S.C. § 924(e)(2)(B)(ii) (2000). Hence, the Fourth Circuit held that "for the purpose of the armed career criminal determination, Sheppard had the necessary three predicate violent felony convictions." Id. Therefore, Stepp was not constitutionally ineffective in failing to argue that Sheppard's burglary convictions were non-violent. Moreover, Sheppard cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Based on the foregoing, Sheppard's § 2255 motion is summarily dismissed.

Therefore, it is

**ORDERED** that Sheppard's § 2255 motion is dismissed.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 5, 2006

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.